UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JABO JOHNIGAN,<br><br>                                        PLAINTIFF,<br><br>vs.<br><br>CITY OF VANCOUVER; CHIEF JAMES MCELVAIN, IN HIS OFFICIAL CAPACITY AS CHIEF OF THE VANCOUVER POLICE DEPARTMENT, CHRISTOPHER BOHATCH, INDIVIDUALLY AND AS AN EMPLOYEE OF VANCOUVER POLICE DEPARTMENT, SCOTLAND HAMMOND, INDIVIDUALLY AND AS AN EMPLOYEE OF VANCOUVER POLICE DEPARTMENT,<br><br>                                        DEFENDANTS. | No.  3:20-cv-5601<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY**<br><br><br>[JURY DEMAND] |

## I.    **INTRODUCTION**

1.1     This is a civil action brought by plaintiff, Mr. Jabo Johnigan, an adult black male, against Vancouver Police Department officers for barging into his home at night without a warrant or any other lawful authority, and for then searching his home, seizing him, and interrogating him.

1.2     This action seeks damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States

1

1    and Constitution and laws of the State of Washington; for conspiring for the purpose of impeding

2    and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws; and

3    for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

4        1.3    Defendants, while acting in their capacities as law enforcement officers for the

5    Vancouver Police Department, in the City of Vancouver, State of Washington, deprived plaintiff

6    of his rights, property, and liberty without due process of law, made an unreasonable search and

7    seizure of the person and property of plaintiff, deprived plaintiff of his property without due

8    process of law, unlawfully interrogated him, and thereby deprived plaintiff of his rights, privileges

9    and immunities as guaranteed by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to

10    the Constitution of the United States, 42 U.S.C. and §§ 1983, 1985, 1986, and 1988, and

11    Washington State Constitution, statutory and common law.

12                     **II.**     **PARTIES**

13        2.1    Plaintiff JABO JOHNIGAN was at all times relevant a citizen of the United States

14    residing in Vancouver, Washington.

15        2.2    Defendant CITY OF VANCOUVER, a municipal corporation, is a lawfully

16    constituted municipal corporation and body politic of the State of Washington, and at all times

17    material to this action operated the Vancouver Police Department.

18        2.3    Defendant, CHIEF JAMES MCELVAIN is and at all times relevant was, a resident

19    of Clark County, Washington, and the duly appointed Chief of the VANCOUVER POLICE

20    DEPARTMENT, acting at all times in his official capacity as Chief of Police for the Vancouver

21    Police Department.  As such Chief McElvain was the commanding officer of the defendants

22    Christopher Bohatch and Scotland Hammond, and was responsible for their training, supervision,

23    and conduct.  Chief McElvain was also responsible by law for enforcing the laws of the State of

COMPLAINT AND DEMAND
NO. 3:20-cv-5601
Tuesday, June 23, 2020
2
ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    Washington, and regulations of the Vancouver Police Department and for ensuring that Vancouver

2    Police Department personnel obey the laws of the State of Washington and of the United States.

3    At all relevant times, Chief McElvain was acting in such capacity as the agent, servant, and

4    employee of the defendant City Vancouver.  Chief McElvain is being sued both in his individual

5    capacity, personal capacity, and official capacity.

6          2.4     Defendant CHRISTOPHER BOHATCH, is, and at all times relevant was, a

7    resident of the Clark County, Washington, and employee of the Vancouver Police Department,

8    acting as a lawfully commissioned law enforcement officer. CHRISTOPHER BOHATCH is being

9    sued both in his individual capacity, personal capacity, and official capacity.

10         2.5     Defendant SCOTLAND HAMMOND, is, and at all times relevant was, a resident

11   of the Clark County, Washington and employee of the Vancouver Police Department, acting as a

12   lawfully commissioned law enforcement officer. SCOTLAND HAMMOND is being sued both in

13   his individual capacity, personal capacity, and official capacity.

14                        **III.    JURISDICTION AND VENUE**

15         3.1     This action is brought pursuant to 42 U.S.C. §§ 1983, 1985(2),(3) and § 1988, and

16   the First, Fourth, Fifth, Eighth and Fourteenth Amendments.

17         3.2     Jurisdiction is founded on 28 U.S.C. §§ 1331, and 1343 and the aforementioned

18   statutory and constitutional provisions.

19         3.3     All parties are resident in or doing business in Vancouver, Washington and the

20   Western District and are citizens of the United States of America of the State of Washington.

21         3.4     Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a substantial part

22   of the events and omissions giving rise to the claims asserted herein occurred in Vancouver,

23   Washington, which is in this district and division.

COMPLAINT AND DEMAND
NO. 3:20-cv-5601
Tuesday, June 23, 2020

3

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1  3.5  The complaint is timely filed within the applicable statute of limitations.

2  3.6  The appropriate statute of limitations is Washington's three-year statute for

3 personal injury claims.  RCW 4.16.080.

4  3.7  The United States Supreme Court and the Ninth Circuit have held that 42 U.S.C. §

5 1983, which does not contain a statute of limitations, adopts the relevant statute of limitations for

6 personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Stanley v. Trustees of California*

7 *State University*, 433 F.3d 1129 (9th Cir. 2006).

8        **IV.** **FACTUAL ALLEGATIONS**

9  4.1  Mr. Jabo Johnigan has never been convicted of a crime.

10  4.2  Mr. Jabo Johnigan is black male.

11  4.3  Mr. Johnigan has worked for years as a software engineer.

12  4.4  Vancouver, Washington has a population that is over 85% white or Caucasian.

13  4.5  Vancouver, Washington has a population that is under 3% black.

14  4.6  Law enforcement action in the State of Washington has historically impacted

15 African Americans, or blacks, disproportionately to their percentage of the general population in

16 Washington.

17  4.7  Law enforcement action in the City of Vancouver has historically impacted African

18 Americans, or blacks, disproportionately to their percentage of the general population in the City

19 of Vancouver.

20  4.8  On information and belief, in 2019, African Americans, or blacks, where arrested

21 by the Vancouver Police Department disproportionately to their percentage of the general

22 population in the City of Vancouver.

23  4.9  Officer Hammond, Officer Bohatch, and Chief McElvain are white or Caucasian.

COMPLAINT AND DEMAND NO.
Tuesday, June 23, 2020

4

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

4.10    At all times relevant to this case Chief McElvain, Officer Hammond, and Officer Bohatch were officers for the Vancouver Police Department and acting under color of state law.

4.11    On March 13, 2019, at 22:29, Vancouver police officers Christopher Bohatch and Scotland Hammond were dispatched to a call at the residence of Mr. Jabo Johnigan in Vancouver, Washington.

4.12    The caller was Isreal Young.

4.13    Ms. Young told dispatch she was the only one drinking any alcohol that night.

4.14    Prior to arriving at Mr. Johingan's residence, they were advised by dispatch that there was a verbal dispute.

4.15    Prior to arriving at Mr. Johingan's residence, they were advised by dispatch that no drugs were involved.

4.16    Prior to arriving at Mr. Johingan's residence, they were advised by dispatch that there were no weapons involved.

4.17    Prior to arriving at Mr. Johingan's residence, they had not been advised by dispatch that any violent crime was alleged.

4.18    Officer Hammond wrote in his post-incident report that prior to his arrival it sounded like the incident was verbal.

4.19    Prior to his arrival at Mr. Johnigans' residence, Officer Hammond believed that the incident was verbal and not physical.

4.20    Once the officers arrived at Mr. Johnigan's home they made contact at the door with a female.

4.21    That female was Isreal Young.

4.22    The officers believed that Ms. Young had been drinking alcohol.

COMPLAINT AND DEMAND NO.
Tuesday, June 23, 2020

5

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    4.23    Officer Hammond asked Ms. Young if the officers could come inside and Ms.

2    young told them that the home they were at was not her place of residence so she could not give

3    permission to enter.

4    4.24    Officer Hammond wrote in his post-incident report that once the officers arrived at

5    Mr. Johnigan's home they made contact at the door with a female and asked if they could come

6    inside.

7    4.25    According to Officer Hammond's post-incident report, Ms. young ***stated it wasn't***

8    ***her place so she couldn't give permission to enter***.

9    4.26    Ms. Young also told the officers in clear terms that she was not on the lease.

10    4.27    Ms. Young was not on the lease.

11    4.28    Ms. Young did not have a key to the residence.

12    4.29    Ms. Young told the officers that she did not have a key to the residence and could

13    be locked out of Mr. Johnigan's residence if she left.

14    4.30    Officer Hammond wrote in his post-incident report that Ms. Young told her that

15    she was not on the lease.

16    4.31    Ms. Young told the officers that she was not married to Mr. Johnigan.

17    4.32    Ms. Young told the officers that she and Mr. Johnigan are not even together in a

18    relationship anymore.

19    4.33    Ms. Young also made clear to the officers that she was not alleging any assault by

20    Mr. Johnigan.

21    4.34    Mr. Johnigan told the officers that he had asked Ms. Young to leave his residence.

22    4.35    Mr. Johnigan told the officers that Ms. Young did not reside at his residence.

COMPLAINT AND DEMAND
NO.
Tuesday, June 23, 2020

6

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1        4.36    After Mr. Johnigan told the officers that Ms. Young did not reside at his residence,

2   one of the officer said "you need to shut your mouth right now."

3        4.37    The officer then told Mr. Johnigan that if Mr. Johnigan was not going to come

4   outside of the residence then he needed to stay in his room.

5        4.38    Mr. Johnigan stated to the officers in clear terms that he did not want to speak with

6   them.

7        4.39    Officer Hammond wrote in his post-incident report that he asked Mr. Johnigan if

8   he would be willing to come and talk to the officers, and that Mr. Johnigan responded by saying

9   that he did not want to talk to the officers.

10       4.40    On March 13, 2019, at 22:49:04 hours, one of the two officers notified dispatch that

11   they were "code 4."

12       4.41    "Code 4" means that the officer considers the call a non-emergency.

13       4.42    This Code 4 call was made before officers entered Mr. Johnigan's residence.

14       4.43    However, Officer Hammond and Officer Bohatch entered Mr. Johnigan's residence

15   and began to search his residence.

16       4.44    Mr. Johnigan never consented to the officers entering his residence.

17       4.45    No permission was given to the officers to enter the residence.

18       4.46    The officers did not have a warrant to enter the home.

19       4.47    Both officers were in full patrol uniform.

20       4.48    Both officers wore military style battle vests.

21       4.49    Both officers carried a visible taser and handgun.

22       4.50    Both officers wore body armor.

COMPLAINT AND DEMAND NO.
Tuesday, June 23, 2020

7

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1        4.51    After entering Mr. Johnigan's residence without a warrant Officer Bohatch seized

2    Mr. Johnigan in his bedroom.

3        4.52    Officer Bohatch stood in the doorway of Mr. Johnigan's bedroom, where Mr.

4    Johnigan was sitting on his bed and his son was sleeping, leaving Mr. Johnigan no way to leave.

5        4.53    Officer Bohatch then stood in the door way to the bedroom and interrogated Mr.

6    Johnigan.

7        4.54    Mr. Johnigan was compelled to stay in his room until the officer finished

8    interrogating him.

9        4.55    Mr. Johnigan was never at any point allowed to leave his room until the moment

10    the officer arrested Mr. Johnigan, at which point the officer handcuffed him, and took him outside

11    and placed him in the patrol car.

12        4.56    Officer Bohatch wrote in his post-incident report that Mr. Johnigan had previously

13    stated that he did not want to talk with Officer Bohatch, yet Officer Bohatch continued his

14    interrogation.

15        4.57    Officer Bohatch did not provide *Miranda* warnings to Mr. Johnigan at any point

16    prior to, or during, the interrogation.

17        4.58    Officer Hammond placed Mr. Johnigan in handcuffs and advised him that he was

18    under arrest for the alleged misdemeanor of damaging the television in Mr. Johnigan's residence.

19        4.59    On March 13, 2019, at 23:08:24 hours, one of the officers notified dispatch that Mr.

20    Johnigan had been taken into custody.

21        4.60    The officers have claimed that Mr. Johnigan broke the television that was inside

22    Mr. Johnigan's own residence.

COMPLAINT AND DEMAND
NO.
Tuesday, June 23, 2020

8

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1        4.61    The alleged damage to the television was not visible from the outside of Mr.

2    Johnigan's residence.

3        4.62    Officer Hammond placed Mr. Johnigan in the back seat of his patrol car in front of

4    his neighbors.

5        4.63    Officer Bohatch attempted to remain in the home and take photographs of the inside

6    of Mr. Johnigan's home and threatened Ms. Israel Young with criminal charges when she objected

7    to him being in the home and taking photographs.

8        4.64    Officer Scotland Hammond initiated criminal prosecution against Mr. Johnigan by

9    filing a criminal charge against Mr. Johnigan by way of a citation under CrRLJ on or about March

10    13, 2019.

11        4.65    The charge number was 9Z0242613.

12        4.66    There was no warrant authorizing the entry into Mr. Johnigan's residence.

13        4.67    There was no exception to the warrant requirement to provide a legal basis for the

14    officers to enter and search Mr. Johnigan's residence.

15        4.68    The unlawful entry into, and search of, Mr. Johnigan's home was motivated by

16    conscious or unconscious racial bias.

17        4.69    The unlawful seizure of Mr. Johnigan inside his home was motivated by conscious

18    or unconscious racial bias.

19        4.70    The arrest of Mr. Johnigan's was motivated by conscious or unconscious racial

20    bias.

21        4.71    Officer Scotland Hammond issued a report of this incident on March 14, 2019.

22        4.72    His report evidenced that he had no warrant to enter Mr. Johnigan's residence.

23        4.73    Officer Hammond's report was approved by his supervisor Officer Erik Jennings.

COMPLAINT AND DEMAND
NO.
Tuesday, June 23, 2020

9

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    4.74    Officer Christopher Bohatch issued a report on March 15, 2019.

2    4.75    His report evidenced that he had no warrant to enter Mr. Johnigan's residence.

3    4.76    Officer Bohatch's report was approved by his supervisor Officer Roger Evans.

4    4.77    Neither of the supervising officers took corrective action for the warrantless entry

5    into Mr. Johnigan's home.

6    4.78    Mr. Johnigan was booked into the county jail where he stayed until he was forced

7    to appear at a hearing on March 14, 2019, before Commissioner Abigail Bartlett.

8    4.79    Mr. Johnson was forced to wear handcuffs and ankle shackles at the public court

9    hearing.

10    4.80    The hearing was recorded on video which is now available to the public via a simple

11    request to the court for the video.

12    4.81    Mr. Johnigan was compelled to attend several court hearings based on the charges

13    filed by the officer.

14    4.82    Defense Attorney Jeff Holmes filed a notice of appearance on behalf of Johnigan

15    on June, 13, 2019.

16    ***Officer Bohatch Made Admission Regarding the Illegal Search and Seizure***

17    4.83    After criminal charges were filed against Mr. Johnigan, Officer Bohatch was

18    interviewed by defense counsel for Mr. Johnigan.

19    4.84    The interview was conducted at the Domestic Violence Prosecution Center.

20    4.85    The Domestic Violence Prosecution Center is a joint prosecution team made up of

21    prosecutors from the Clark County Prosecuting Attorney's Office and Assistant City Attorney

22    from the Vancouver City Attorney's Office.

23    4.86    The interview of Officer Bohatch was attended by Deputy Prosecutor Lauren Boyd.

COMPLAINT AND DEMAND NO.
Tuesday, June 23, 2020

10

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

4.87     Officer Bohatch admitted that Officer Hammond arrived first and waited in his car for Officer Bohatch to arrive.

4.88     Officer Bohatch admitted that the two approached Mr. Johnigan's apartment together.

4.89     Officer Bohatch admitted that there was no allegation of drugs.

4.90     Officer Bohatch admitted that there was no allegation of any weapons being involved.

4.91     Officer Bohatch admitted that there was no allegation of physical violence.

4.92     Officer Bohatch admitted that there was not "any sort of emergency."

4.93     Officer Bohatch admitted that there was no allegation of "any injury to any person."

4.94     Officer Bohatch admitted that when he arrived at the door to the home of Mr. Johnigan he heard only general arguing between Mr. Johnigan and Ms. Young.

4.95     Officer Bohatch admitted that once at the front door he contacted Ms. Young, and that Mr. Johnigan stayed in his bedroom.

4.96     During the interview, Officer Bohatch stated "once the door was open, because she had the door partially cracked, um, and was standing there talking to us, she told us that she didn't have authority to let us in, and then Jabo was in the room yelling to us from around the corner."

4.97     When asked if Officer Bohatch observed any injuries on Ms. Young he stated "No. You could tell she was upset, but, uh, no injuries."

4.98     Officer Bohatch also admitted that "there was no allegations of any physical harm to her or anyone else."

4.99     When Officer Bohatch was asked "when you, you contacted her she said that, uh, she didn't live there, she couldn't give you permission to enter", his answer was "yes."

COMPLAINT AND DEMAND NO.
Tuesday, June 23, 2020

11

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

4.100   Officer Bohatch also admitted that Ms. Young told them that she was not on the lease.

4.101   Officer Bohatch also admitted that he had no reason to doubt that Ms. Young was telling the truth when she said she was not on the lease.

4.102   Officer Bohatch also admitted that Ms. Young did not give the officers permission to enter.

4.103   Officer Bohatch also admitted that Ms. Young told them she did not have authority to give them permission to enter.

4.104   Officer Bohatch also admitted that Mr. Johnigan "didn't want [the officers] to walk in" to the home.

4.105   Officer Bohatch admitted that Officer Hammond entered Johnigan's home and he, Officer Bohatch, followed.

4.106   When Officer Bohatch was asked "[b]ut there's nothing that indicates he ever actually consented for you to enter the residence, correct", Officer Bohatch answered "Not him specifically, no."

4.107   Officer Bohatch also admitted that prior to entering Mr. Johnigan's home the officers had no reason to believe that Mr. Johnigan was injured.

4.108   Officer Bohatch also admitted that prior to entering Mr. Johnigan's home the officers had no reason to believe that Ms. Young was injured.

4.109   When defense counsel asked "Would there have been anything on this date that would, would rise to emergency", Officer Bohatch admitted "No, there was nothing emergent."

4.110   Officer Bohatch admitted that the officers had no basis to be in the home if they did not have consent to enter.

COMPLAINT AND DEMAND NO.
Tuesday, June 23, 2020

12

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1        4.111  Officer Bohatch admitted that prior to entering Mr. Johnigan's home, Ms. Young

2  had already told the officers that she didn't have the authority to let them in and that she wasn't on

3  the lease.

4        4.112  During the interview, Clark County Deputy Prosecutor Lauren Boyd asked Officer

5  Bohatch a follow up question to which he responded "when we initially contacted her she said 'I

6  can't let you in. Jabo has to let you in.'"

7        4.113  Officer Bohatch also admitted that once the officers were inside Mr. Johnigan's

8  apartment Ms. Young told them to leave.

9        4.114  Officer Bohatch admitted that the officers did not leave the home even after Ms.

10  Young told them to leave.

11        4.115  Officer Bohatch admitted that he told Ms. Young that he needed to take

12  photographs inside Mr. Johnigan's home and the she was "interfering."

13        4.116  Officer Bohatch admitted that in his report he wrote that Ms. Young did not live in

14  Mr. Johnigan's home.

15        4.117  Officer Bohatch admitted that after entering the home the officers interrogated Mr.

16  Johnigan inside his home.

17        4.118  Officer Bohatch admitted that he was under no legal duty to make an arrest of Mr.

18  Johnigan the night he arrested Mr. Johnigan.

19  ***Dismissal***

20        4.119  On information and belief, Deputy Prosecutor Lauren Boyd communicated the

21  substance of Officer Bohatch's interview admissions to Vancouver Assistant City Attorney Kenny

22  Wallace.

COMPLAINT AND DEMAND NO.
Tuesday, June 23, 2020

13

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1      4.120   Kenny Wallace is an Assistant City Attorney for the Vancouver City Attorney's

2   Office.

3      4.121   Kenny Wallace was primarily responsible for the handling of the criminal case

4   against Mr. Johnigan.

5      4.122   At around the time that Assistant City Attorney Wallace learned of the admissions

6   by Officer Bohatch he reviewed the reports of all officer's involved in arrest of Mr. Johnigan.

7      4.123   On October 23, 2019, Assistant City Attorney Kenny Wallace filed a motion to

8   dismiss the criminal charges filed by Officer Bohatch against Mr. Johnigan.

9      4.124   Attached as Exhibit A to this complaint is a true and correct copy of the motion for

10  dismissal signed by Assistant City Attorney Wallace.

11     4.125   The criminal charges were then dismissed by the Clark County District Court on

12  that same day.

13     4.126   Officer Christopher Bohatch's action forced Mr. Johnigan to hire a defense lawyer

14   and pay legal fees to defend against the criminal charges.

15     4.127   While the case was pending, Mr. Johnigan experienced severe difficulty sleeping,

16   eating, and suffered severe anxiety and depression.

17     4.128   The dismissal was the final outcome of the criminal case brought against Mr.

18   Johnigan.

19     4.129   As a result of Defendants' conduct, Mr. Johnigan became extremely depressed.

20     4.130   Prior to the actions of these officer, Mr. Johnigan had faith in law enforcement and

21  felt he could safely reside anywhere in the United States of America.

22     4.131   That total faith is no more as a result of the unlawful entry into his home.

23  ***The Vancouver Police Department Ignored and Ratified the Misconduct***

COMPLAINT AND DEMAND
NO.
Tuesday, June 23, 2020

14

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1       4.132  Notice of the dismissal of the criminal charges was provided to the Vancouver

2   Police Department on behalf of Mr. Johnigan, as part of a formal complaint to the Police

3   Department.

4       4.133  This complaint was made using the online complaint process provided by the

5   Vancouver Police Department.

6       4.134  The complaint on behalf of Mr. Johnigan specifically complained about the illegal

7   search of his home and interrogation of Mr. Johnigan.

8       4.135  Vancouver Police Department Chief James McElvain is and at all times relevant

9   was the duly appointed Chief of the Vancouver Police Department, acting at all times in his official

10  capacity as Chief of Police for the Vancouver Police Department.

11      4.136  As such James McElvain was the commanding officer of the defendants

12  Christopher Bohatch, Scotland Hammond, and was responsible for their training, supervision, and

13  conduct.

14      4.137  Chief McElvain was also responsible by law for enforcing the regulations of the

15  Vancouver Police Department and for ensuring that Vancouver Police Department personnel obey

16  the laws of the State of Washington and of the United States.

17      4.138  At all relevant times, Chief McElvain was acting in such capacity as the agent,

18  servant, and employee of the defendant City of Vancouver and had policy making authority for

19  the Vancouver Police Department.

20      4.139  On January 2, 2020, Mr. Johnigan emailed Vancouver Police Chief McElvain.

21      4.140  In Mr. Johnigan's email, he put Chief McElvain on personal notice of the

22  misconduct by his officers.

23      4.141  Mr. Johnigan's email to Chief McElvain stated as follows:

COMPLAINT AND DEMAND
NO.
Tuesday, June 23, 2020

15

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

Dear Chief:

My name Jabo Johnigan and I write to you do let you know that my rights were violated by two of your officers.  On March 13, 2019, two of your officers (Christopher Bohatch and Scotland Hammond) came into my home at night without a warrant.  They came into my bed room and interrogated me.  They did not have a warrant to come into my home and they did not have permission.  Their actions were illegal and very hurtful.

As both officers are white, and I am black, I can't help but suspect that they felt they could get away with this because of my race.  The should be held accountable for their actions.

As the Chief of police I write to you directly as you are the one who can fix this.

Sincerely,

Jabo Johnigan

4.142   Attached to this complaint as Exhibit B is a true and correct copy of the email to Chief McElvain.

4.143   In Washington, it is a crime for a police officer to enter someone's home without lawful authority.

4.144   At the time of Mr. Johnigan's email, Chief McElvain was aware that it is a crime in the State of Washington for a police officer to enter someone's home without lawful authority.

4.145   On information and belief, Chief McElvain did not take any steps to have a criminal investigation conducted regarding the warrantless entry of Mr. Johnigan's home by officers Bohatch and Hamlin.

4.146   On information and belief, Chief McElvain was aware that an assistant Vancouver Assistant City Attorney had dismissed the charges against Mr. Johnigan because of the warrantless entry into Mr. Johnigan's home.

COMPLAINT AND DEMAND NO.
Tuesday, June 23, 2020

16

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    4.147   On information and belief, Chief McElvain took no action to discipline or retrain

2    Officer Bohatch or Officer Hammond.

3    4.148   In response to the above complaint made by Mr. Johnigan, Vancouver Police

4    Department Officer David Krebs opened an internal investigation file under the number IAC 2020-

5    0001.

6    4.149   On information and belief, the Vancouver Police Department concluded IAC 2020-

7    0001 by formally ratifying the warrantless and unreasonable entry into Mr. Johnigan's residence.

8    4.150   On information and belief, Chief McElvain took no action to discipline to retrain

9    Officer Hammond for the warrantless entry into Mr. Johnigan's residence.

10    4.151   On information and belief, Chief McElvain took no action to discipline to retrain

11    Officer Bohatch for the warrantless entry into Mr. Johnigan's residence.

12    4.152   On information and belief, Vancouver Police Department took no action to

13    discipline or retrain officer Bohatch for the warrantless entry into Mr. Johnigan's residence.

14    4.153   On information and belief, Vancouver Police Department took no action to

15    discipline or retrain officer Hammond for the warrantless entry into Mr. Johnigan's residence.

16    ***Vancouver Police Refuse to Use Body Cameras and Dash Cameras***

17    4.154   In November of 2014, the Washington State Attorney General issued a formal

18    opinion that Washington State law does not required police departments to obtain the consent of a

19    law enforcement officers to use body cameras attached to police uniforms.  AGO 2014 No. 8.

20    4.155   Chief McElvain has authority to issue body cameras to Vancouver Police

21    Department Officers.

22    4.156   Chief McElvain has not implemented the use of body cameras at the Vancouver

23    Police Department.

COMPLAINT AND DEMAND
NO.
Tuesday, June 23, 2020

17

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    4.157   Chief McElvain has not issued body cameras to any officers at the Vancouver

2    Police Department.

3    4.158   Chief McElvain has not mandated the use of body cameras by officers at the

4    Vancouver Police Department.

5    4.159   No officers at the Vancouver Police Department use a body camera.

6    4.160   Chief McElvain has not implemented the use patrol vehicle dash cameras at the

7    Vancouver Police Department.

8    4.161   Chief McElvain has not issued patrol vehicle dash cameras to the Vancouver Police

9    Department officer.

10   4.162   Chief McElvain has not mandated the use of patrol vehicle dash cameras by officers

11   at the Vancouver Police Department.

12   4.163   No patrol vehicles at the Vancouver Police Department are equipped with dash

13   cameras.

14   *Notice Claims*

15   4.164   On or about April 6, 2020, a notice required under RCW 4.96 et. seq. was served

16   on the CITY OF VANCOUVER, regarding the federal and state law claims pleaded in this

17   complaint.

18                     **V.     FIRST CAUSE OF ACTION**
19                     **FOURTH AMENDMENT VIOLATION**
20                            **UNLAWFUL SEARCH**
21                          **(42 U.S.C. § 1983 *et seq*.)**
22          **(CHRISTOPHER BOHATCH) (SCOTLAND HAMMOND)**

23   5.1     Plaintiff hereby restates and incorporates by reference all paragraphs of this

24   Complaint as if fully set forth herein.

COMPLAINT AND DEMAND
NO.
Tuesday, June 23, 2020

18

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    5.2    Defendants Christopher Bohatch and Scotland Hammond recklessly, knowingly,

2    intentionally, willfully and wantonly searched Mr. Johnigan's residence by entering his home and

3    searching it without a warrant or an exception to the warrant requirement.

4    5.3    The search of Mr. Johnigan's home by Defendants Christopher Bohatch and

5    Scotland Hammond was unreasonable.

6    5.4    Defendants Christopher Bohatch and Scotland Hammond acted with knowledge

7    that they had no legal basis to enter and search his home.

8    5.5    A warrant never existed for the search of Mr. Johnigan's residence.

9    5.6    No authority in law existed to search Mr. Johnigan's home.

10    5.7    As a result of the actions of officer Bohatch and Hammond, Plaintiff was deprived

11    of his control and use of his property, both the residence and its contents, without due process of

12    law in violation of his rights under the Fourth and Fourteenth Amendments to the United States

13    Constitution.

14    5.8    As a proximate result of the violation of the Plaintiff's constitutional rights, by

15    defendants Christopher Bohatch and Scotland Hammond, Mr. Johnigan suffered and will continue

16    to suffer damages in the amount to be proven at trial.

17    5.9    The conduct of defendants Christopher Bohatch and Scotland Hammond also

18    subjects them to punitive damages in an amount to be proven at trial.

19    **VI.    SECOND CAUSE OF ACTION**
20    **SEIZURE**
21    **(42 U.S.C. § 1983 *et seq*.)**
22    **(CHRISTOPHER BOHATCH) (SCOTLAND HAMMOND)**

23    6.1    Plaintiff hereby restates and incorporates by reference all paragraphs of this

24    Complaint as if fully set forth herein.

COMPLAINT AND DEMAND
NO.
Tuesday, June 23, 2020

19

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1       6.2     Defendants Christopher Bohatch and Scotland Hammond recklessly, knowingly,

2   intentionally, willfully and wantonly seized Mr. Johnigan and his residence by entering his

3   residence and seizing him in his residence without a warrant or an exception to the warrant

4   requirement.

5       6.3     The seizure of Mr. Johnigan by Defendants Christopher Bohatch and Scotland

6   Hammond was unreasonable.

7       6.4     Defendants Christopher Bohatch and Scotland Hammond restrained Mr.

8   Johnigan's liberty through coercion, physical force or a show of authority.

9       6.5     Under all of the circumstances, a reasonable person in Mr. Johnigan's position

10   would not have felt free to ignore the presence of law enforcement officers and to go about his

11   business.

12      6.6     At no point did Defendants Christopher Bohatch and Scotland Hammond advise

13   Mr. Johnigan that he was free to leave.

14      6.7     From the time that Defendants Christopher Bohatch and Scotland Hammond

15   arrived at Mr. Johnigan's home he was not free to leave.

16      6.8     As a result of the actions of officer Bohatch and Hammond, Plaintiff was deprived

17   of his control and use of his person without due process of law in violation of his rights under the

18   Fourth and Fourteenth Amendments to the United States Constitution.

19      6.9     As a proximate result of the violation of the Plaintiff's constitutional rights, by

20   defendants Christopher Bohatch and Scotland Hammond, Mr. Johnigan suffered and will continue

21   to suffer damages in the amount to be proven at trial.

22      6.10    The conduct of defendants Christopher Bohatch and Scotland Hammond also

23   subjects them to punitive damages in an amount to be proven at trial.

COMPLAINT AND DEMAND
NO.
Tuesday, June 23, 2020

20

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

## VII.   THIRD CAUSE OF ACTION
### SEARCH AND SEIZURE BASED ON RACE
### (42 U.S.C. § 1983 *et seq.*)
### (CHRISTOPHER BOHATCH) (SCOTLAND HAMMOND)

7.1   Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

7.2   Defendants Christopher Bohatch's and Scotland Hammond's recklessly, knowingly, intentionally, willfully and wantonly searched Mr. Johnigan's home and seized Mr. Johnigan without authority of law.

7.3   Defendants Christopher Bohatch and Scotland Hammond decision to search Mr. Johnigan's residence and seize Mr. Johnigan and his residence were motivated in part or in total by the race of Mr. Johnigan.

7.4   As a proximate result of the violation of the Plaintiff's constitutional rights, by defendants Christopher Bohatch and Scotland Hammond, Mr. Johnigan suffered and will continue to suffer damages in the amount to be proven at trial.

7.5   The conduct of defendants Christopher Bohatch and Scotland Hammond, and also subjects them to punitive damages in an amount to be proven at trial.

## VIII.   FOURTH CAUSE OF ACTION
### UNLAWFULL INTERROGATION
### (42 U.S.C. § 1983 *et seq.*)
### (CHRISTOPHER BOHATCH)

8.1   Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

8.2   Defendants Christopher Bohatch recklessly, knowingly, intentionally, willfully and wantonly interrogated Mr. Johnigan after the unlawfull siezure of Mr. Johnigan in violation of Mr. Johnigan's rights under the Fifth Amedment to the United States Consitution.

COMPLAINT AND DEMAND NO.
Tuesday, June 23, 2020
21
ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

8.3     As a proximate result of the violation of the Plaintiff's constitutional rights, by defendants Christopher Bohatch and Scotland Hammond, Mr. Johnigan suffered and will continue to suffer damages in the amount to be proven at trial.

8.4     The conduct of defendants Christopher Bohatch and Scotland Hammond, and also subjects them to punitive damages in an amount to be proven at trial.

## IX.     FIFTH CAUSE OF ACTION
### MONELL CLAIM BASED ON RATIFICATION
### (42 U.S.C. § 1983 *et seq.*)
### (CITY OF VANCOUVER) (CHIEF MCELVAIN)

9.1     Plaintiffs hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

9.2     James McElvain is the chief and final policy making officer and decision maker for the Vancouver Police Department.

9.3     Chief McElvain's actions and failures to act deprived the plaintiff of his particular rights under the laws of the United States and the United States Constitution.

9.4     Chief McElvain had final policymaking authority from the City of Vancouver for the Vancouver Police Department concerning the acts or failures to act of officers Christopher Bohatch and Scotland Hammond.

9.5     Chief McElvain was aware of the fact that Officers Christopher Bohatch and Scotland Hammond entered the home of Mr. Johnigan without a warrant or an exception to the warrant requirement.

9.6     Chief McElvain ratified the act of Officers Christopher Bohatch and Scotland Hammond, that is, Chief McElvain knew of and specifically made a deliberate choice to take no

COMPLAINT AND DEMAND NO.
Tuesday, June 23, 2020

22

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    action to have the officers retrained or disciplined after having received a complaint that they had

2    searched Mr. Johnigan's home and seized him therein unreasonably and without a warrant.

3        9.7    As a direct result of Chief McElvain's conduct, the Vancouver Police Department

4    and the City of Vancouver have violated Mr. Johnigan's constitutional rights causing Plaintiff to

5    suffer damages that will be made more certain at trial.

6        9.8    As a proximate result of the violation of the Plaintiff's constitutional rights, by

7    defendants City of Vancouver, Mr. Johnigan suffered and will continue to suffer damages in the

8    amount to be proven at trial.

9        9.9    The conduct of the City of Vancouver above also subjects them to punitive damages

10   in an amount to be proven at trial.

11                        **X.    SIXTH CAUSE OF ACTION**
12                              **OUTRAGE**
13                             **(STATE LAW)**
14           **(CHRISTOPHER BOHATCH) (SCOTLAND HAMMOND)**

15       10.1    Plaintiffs hereby restates and incorporates by reference all paragraphs of this

16   Complaint as if fully set forth herein.

17       10.2    Defendants recklessly and unlawfully entered the home of Mr. Johnigan wherein

18   they searched his home and seized him which is extreme and outrageous.

19       10.3    Defendants intended to cause, or were in reckless disregard of the probability that

20   their conduct would cause, severe emotional distress to Mr. Johnigan.

21       10.4    Said actions were undertaken with malice, willfulness, and with reckless

22   indifference to the rights of the Mr. Johnigan.

23       10.5    Defendant's actions resulted in severe emotional distress and anguish to Mr.

24   Johnigan.

COMPLAINT AND DEMAND
NO.
Tuesday, June 23, 2020                    23                    ANGUS LEE LAW FIRM, PLLC
                                                              9105A NE HWY 99, STE 200
                                                              Vancouver, WA 98665
                                                              (P) 360-635-6464 (F) 888-509-8268

1      10.6    The acts and/or omissions of including the policies, customs, and/or actual practices

2      described above, were the legal and proximate cause of Mr. Johnigan's wrongful arrest and

3      prosecution, causing  Mr. Johnigan injuries as described herein.

4      10.7    As a result of Defendants' violations, Mr. Johnigan suffered and will continue to

5      suffer damages to be proven at trial.

6                              **XI.     SEVENTH CAUSE OF ACTION**
7                                        **NUISANCE**
8                                     **(RCW 7.48.120)**
9                                      **(STATE LAW)**
10          **(CHRISTOPHER BOHATCH) (SCOTLAND HAMMOND)**

11     11.1    Plaintiffs hereby restates and incorporates by reference all paragraphs of this

12     Complaint as if fully set forth herein.

13     11.2    Defendants intentionally and unlawfully invaded the property of Mr. Johnigan,

14     thereby affecting his interest in exclusive possession of his property.

15     11.3    There was a reasonable foreseeability that the unlawful invasion by Defendants

16     would disturb the Mr. Johnigan's possessory interest.

17     11.4    The invasion by Defendant annoyed, injured, or endangered the comfort, repose,

18     health, or safety of Mr. Johnigan, or offended decency, or rendered Mr. Johnigan insecure in life,

19     or in the use of his property.

20     11.5    As a result of Defendants' violations, Mr. Johnigan suffered and will continue to

21     suffer damages to be proven at trial.

22                      **XII.    DAMAGES AND PRAYER FOR RELIEF**

23     12.1    As a proximate result of Defendants' conduct, Mr. Johnigan suffered damages in

24     the form of economic losses, non-economic loss, personal injuries, emotional distress,

25     embarrassment, loss of reputation, loss of enjoyment of life and humiliation, in an amount

COMPLAINT AND DEMAND
NO.
Tuesday, June 23, 2020                                24                          ANGUS LEE LAW FIRM, PLLC
                                                                                   9105A NE HWY 99, STE 200
                                                                                   Vancouver, WA 98665
                                                                              (P) 360-635-6464 (F) 888-509-8268

1 | presently unknown and to be made more certain at the time of trial, as well as incurring attorney

2 | fees and other losses.

3 |     12.2    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988

4 |     12.3    WHEREFORE, Mr. Johnigan prays for damages as previously mentioned, together

5 | with other equitable relief, costs of this action and reasonable attorneys' fees, prejudgment interest

6 | on any lost wages or liquidated sums, punitive damages and any other relief as this Court deems

7 | equitable and just.

8 |                         **XIII.   JURY DEMAND**

9 |     13.1    Mr. Johnigan is entitled to and hereby demands trial by a jury.

10 | DATED Tuesday, June 23, 2020.

11 |      ANGUS LEE LAW FIRM, PLLC

12 |      *S// D. Angus Lee*
13 |      D. Angus Lee, WSBA# 36473
14 |      Attorneys for Jabo Johnigan
15 |      Angus Lee Law Firm, PLLC
16 |      9105A NE HWY 99 Suite 200
17 |      Vancouver, WA 98665
18 |      Phone: 360.635.6464 Fax: 888.509.8268
19 |      E-mail: Angus@AngusLeeLaw.com

COMPLAINT AND DEMAND
NO.
Tuesday, June 23, 2020

25

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1                          CERTIFICATE OF SERVICE

2         I certify that on this date I transmitted a copy of the document to which this certificate is

3 affixed to the individual(s) identified below in the manner indicated below:

☐  U.S. Mail-postage prepaid
☐  Overnight Courier
☐  Email
☐  Electronically filed with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the identified individual.

4 DATED this Tuesday, June 23, 2020 at Vancouver, Washington.

5 _____

6 D. Angus Lee

COMPLAINT AND DEMAND NO.
Tuesday, June 23, 2020

26

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    Jeffrey W. Holmes

*FILED*

OCT 2 3 2019

DISTRICT COURT
CLARK COUNTY, WASH.

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| CITY OF VANCOUVER,<br>　　Plaintiff,<br><br>　　v.<br><br>JABO ODOMS JOHNIGAN,<br>　　Defendant. | No. 9Z0242613<br><br>MOTION AND ORDER FOR DISMISSAL<br>WITHOUT PREJUDICE |

COMES NOW, Kenneth Wallace, Assistant City Attorney, and moves the above Court to dismiss without prejudice the above-entitled case for the reason that: cannot prove beyond a reasonable doubt.

DATED this 2 3 day of October, 2019.

_____
Kenneth Wallace, WSBA #51452
Assistant City Attorney

ORDER

THIS MATTER having come before the Court upon the Motion and the Court now being fully advised in the premises and on consideration whereof finds said Motion should be sustained;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that said case shall be dismissed without prejudice.

DATED this 23 r day of _____ Oct _____, 2019.

_____
JUDGE OF THE DISTRICT COURT

PRESENTED BY:

_____
Kenneth Wallace, WSBA #51452
Assistant City Attorney

MOTION AND ORDER FOR DISMISSAL
WITHOUT PREJUDICE - 1

SJ

Domestic Violence Prosecution Cent
PO BOX 1995
Vancouver WA 98668-1995
(360) 487-8530
(360) 487-8531 (FAX)



EX. A

11:36

-------- Original message ------
From: jabojohnigan93
<jabojohnigan93@yahoo.com>
Date: 1/2/20 10:53 AM (GMT-08:00)
To: James.McElvain@cityofvancouver.us
Subject: Seeking Justice

Dear Chief:

My name Jabo Johnigan and I write to you to let you know that my rights were violated by two of your officers.  On March 13, 2019, two of your officers (Christopher Bohatch and Scotland Hammond) came into my home at night without a warrant.  They came into my bed room and interrogated me.  They did not have a warrant to come into my home and they did not have permission.  Their actions were illegal and very hurtful.

As both officers are white, and I am black, I can't help but suspect that they felt they could get away with this because of my race.  The should be held accountable for their actions.

As the Chief of police I write to you directly as you are the one who can fix this.

Sincerely,

Jabo Johnigan


EX. B