UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JABO JOHNIGAN,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF VANCOUVER; CHIEF JAMES MCELVAIN, in his official capacity as Chief of the Vancouver Police Department, CHISTOPHER BOHATCH, individually and as an employee of the Vancouver Police Department; SCOTLAND HAMMOND, individually and as an employee of the Vancouver Police Department,<br><br>　　　　　　　　Defendants. | CASE NO. 3-20-cv-05601 RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT |

THIS MATTER comes before the Court on the Plaintiff's Motion to Amend Complaint. Dkt. 22. The Court has considered the pleadings filed regarding the motion and the remaining file.

This case arises from Defendant City of Vancouver police officers Christopher Bohatch and Scotland Hammond's entry into the Plaintiff's apartment and their arrest of the Plaintiff.

ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT - 1

Dkt. 1. The Plaintiff, an African American, asserts state law claims and federal constitutional claims, pursuant to 28 U.S.C. § 1983, against the officers, the City of Vancouver and the Vancouver Chief of Police, James McElvain. *Id.* The City of Vancouver and Chief McElvain will be collectively referred to as "Vancouver" because claims are asserted against Chief McElvain in his official capacity. *See Will v. Dept. of State Police,* 491 U.S. 58, 71 (1989)(noting that a §1983 claim against a city official in their official capacity is "no different" than a claim against the city).

The Plaintiff's Complaint asserts §1983 constitutional claim for ratification against Vancouver pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Dkt. 1. He now moves to add, as an alternative basis for establishing *Monell* liability, that a "policy, practice or custom" caused the violations alleged here. Dkt. 22. The Plaintiff argues that during Chief McElvain's deposition, he learned that the "warrantless search was based on Vancouver Police Department policy, that the Vancouver Police Department is systemically racist, and the Chief of the department harbors racial bias against African Americans." *Id.* Defendants oppose the motion (Dkts. 32 and 34), Plaintiff filed a reply (Dkt. 38), and the motion is ripe for decision.

## **DISCUSSION**

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15(a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143 (9th Cir. 2011). Generally, a determination on a motion for leave to amend "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

The Plaintiffs' motion for leave to file an amended complaint (Dkt. 22) should be denied without prejudice. While there is no showing here of bad faith, the Defendants have shown that the proposed amendment regarding Vancouver Police Department Search and Seizure Policy 321 ("Policy 321") is unduly delayed (as explained below), and that they would suffer prejudice from amendment. Discovery has closed. Further, as argued by Defendants, amendment is futile because the Plaintiff's proposed amendment fails to state a claim for relief.

In his proposed amended complaint, the Plaintiff asserts that "Officers Bohatch and Hammond acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the Vancouver Police Department." Dkt. 22-1, at 42-43. That the policy, practice or custom "cause the deprivation of the plaintiff's rights by Officers Bohatch and Hammond; that is the Vancouver Police Department's widespread or longstanding practice or custom is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury." *Id.*

In order to make claim for §1983 liability against Vancouver, the Plaintiff must show that: (1) he was deprived of a constitutional right; (2) Vancouver had a policy; (3) the policy amounted to a deliberate indifference to their constitutional rights; and (4) the policy was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001)(*internal quotations omitted*).

For purposes of this motion, the Court will not reach the first element of a *Monell* claim: whether the Plaintiff was deprived of a constitutional right. That issue is the subject of a summary judgment motion (Dkt. 24) which is noted for July 23, 2021.

As to the second element, there are three ways to establish whether Vancouver had a policy:

ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT - 3

> (1) by showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005)(*internal quotation marks and citations omitted*). While the proposed amended complaint states that it is asserting a claim based on a policy, custom, or practice, it fails to identify which policy, practice, or custom is at issue.

In his motion and his reply, the Plaintiff points out that at his deposition, Chief McElvain stated that he believed that the officers' entry into the Plaintiff's apartment and Officer Bohatch's entry into the Plaintiff's bedroom were consistent with department policy. Dkt. 22. The Plaintiff fails to identify which policy in his motion. The Defendants properly point out that to the extent that the Plaintiff bases his claim on Policy 321, addition of the claim is extraordinarily untimely. They note that the Plaintiff has had a copy of Policy 321 since November of 2020.

In his motion, but not in his reply, the Plaintiff also points to Chief McElvain's deposition testimony where he acknowledges that there is implicit bias against African Americans in the City of Vancouver, in the police department, and even in himself, as a "policy, custom, or practice."

Assuming that Policy 321 and Vancouver's implicit bias are the policies at issue, the motion to amend should still be denied without prejudice because the Plaintiff does not state a claim as to the third and fourth elements of a *Monell* claim. As to the third element, the Plaintiff pleads no facts from which it could be inferred that these two policies, customs, or practices amounted to deliberate indifference to his constitutional rights. Moreover, the Plaintiff fails to

plead facts which support the conclusion that these policies, customs or practices caused his alleged constitutional injuries. The recitation of the elements of his cause of action are insufficient. *Starr v. Baca,* 652 F.3d 1202, 1216 (9th 2011). While the Plaintiff argues that Chief McElvain acknowledged that the officers acted consistently with "department policy" when they entered Plaintiff's apartment and his room, Plaintiff fails to plead facts which demonstrate that the policy caused violations to his constitutional rights. The Plaintiff's Motion to Amend Complaint (Dkt. 22) should be denied without prejudice.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of July, 2021.

ROBERT J. BRYAN
United States District Judge